MISSOURI & ARKANSAS LUMBER & MINING COMPANY *v.* GREENWOOD DISTRICT OF SE-BASTIAN COUNTY, ARKANSAS, ET AL.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF ARKANSAS.

No. 149. Submitted January 17, 1919.—Decided March 3, 1919.

A revivor to escape the statute of limitations adds no new efficacy to a judgment in respect of the power of the legislature to stop the further running of interest. P. 172.

A judgment of the United States Circuit Court, based on non-interest-bearing county warrants, provided for interest at a specified rate on the amount of the judgment until paid. A later act of the legislature declared that thereafter judgments on such warrants should bear no interest. *Held*, consistent with the contract clause and due process. *Id. Morley* v. *Lake Shore & Michigan Southern Ry. Co.*, 146 U. S. 162.

Interest on judgments allowed by statute merely is not contractual but a penalty or liquidated damages. P. 173.

*Quære:* Is this true of a judgment based on a contract stipulating for interest? *Id.*

Affirmed.

THE case is stated in the opinion.

*Mr. John H. Vaughan* and *Mr. B. R. Davidson* for plaintiff in error.

*Mr. Thomas B. Pryor* for defendants in error.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

Article XVI, § 1, Constitution of Arkansas (1874), declares: "Nor shall any county, city, town or other municipality ever issue any interest-bearing evidences of in-

debtedness." During 1889 (or about that time) Sebastian County, for the benefit of Greenwood District, issued certain *non-interest-bearing* warrants payable "out of any money in the Treasury appropriated for ordinary purposes" of which plaintiff in error became lawful holder and owner. It sued upon them in the United States Circuit Court, Western District of Arkansas, and obtained a judgment, January 26, 1891, for $13,703.29, "with interest at the rate of six per cent. per annum from this date until paid together with all its costs in and about this case laid out and expended." So far as not satisfied, this was revived in 1900 and again in 1910; and at different dates from 1896 to 1914 the county made payments thereon aggregating its face value together with six per cent. interest reckoned to March 21, 1893, and all costs.

An act of the Arkansas legislature, approved March 21, 1893, [Acts Ark. 1893, p. 145] provides: "No judgment rendered or to be rendered against any county in the State on county warrants or other evidence of county indebtedness shall bear any interest after the passage of this act"; and relying upon this inhibition the county claimed that the above-mentioned payments fully discharged the judgment against it. Thereupon, May 23, 1916, plaintiff in error petitioned the court below for a mandamus to compel payment of alleged accrued interest. Answering, the county denied further liability and then asked for an order requiring that the judgment be satisfied of record. The trial court refused a mandamus and directed satisfaction as prayed. Whether plaintiff in error's rights under the Federal Constitution would be violated by giving effect to the statute is the only question presented for our consideration. The Supreme Court of the State sustained its validity in *Read* v. *Mississippi County*, 69 Arkansas, 365, where the precise points here involved were presented.

The two revivals in 1900 and 1910 kept the judgment

alive and permitted its enforcement beyond the periods
fixed by statutes of limitation. Their entry gave it no
greater efficacy than it possessed when first rendered.

Plaintiff in error maintains that the challenged act con-
flicts with § 10, Art. I, of the Constitution and also the
Fourteenth Amendment forbidding a State from depriv-
ing any person of property without due process of law;
but we think the contrary is settled by our opinion in
*Morley v. Lake Shore & Michigan Southern Ry. Co.*, 146
U. S. 162, 168, 171. There the judgment directed that
interest should accrue from its entry without mentioning
any rate, the statutory one then being seven per centum;
later another act fixed six per centum for the future and
the debtor claimed benefit of it while the creditor main-
tained that to permit this would violate both the con-
tract clause and Fourteenth Amendment. Through
Mr. Justice Shiras we said (p. 168): "After the cause of
action, whether a tort or a broken contract, not itself
prescribing interest till payment, shall have been merged
into a judgment, whether interest shall accrue upon the
judgment is a matter not of contract between the parties,
but of legislative discretion, which is free, so far as the
Constitution of the United States is concerned, to provide
for interest as a penalty or liquidated damages for the
non-payment of the judgment, or not to do so. When such
provision is made by statute, the owner of the judgment
is, of course, entitled to the interest so prescribed until
payment is received, or until the State shall, in the exer-
cise of its discretion, declare that such interest shall be
changed or cease to accrue. Should the statutory dam-
ages for non-payment of a judgment be determined by a
State, either in whole or in part, the owner of a judgment
will be entitled to receive and have a vested right in the
damages which shall have accrued up to the date of the
legislative change; but after that time his rights as to in-
terest as damages are, as when he first obtained his judg-

ment, just what the legislature chooses to declare. He has no contract whatever on the subject with the defendant in the judgment, and his right is to receive, and the defendant's obligation is to pay, as damages, just what the State chooses to prescribe. . . (p. 171). The discretion exercised by the legislature in prescribing what, if any, damages shall be paid by way of compensation for delay in the payment of judgments is based on reasons of public policy, and is altogether outside the sphere of private contracts. . . . The further contention of the plaintiff in error, that he has been deprived of his property without due process of law, can be more readily disposed of. If, as we have seen, the plaintiff has actually received on account of his judgment all that he is entitled to receive, he cannot be said to have been deprived of his property." See *Barnitz* v. *Beverly,* 163 U. S. 118, 129.

It is insisted that as the judgment now under consideration specified a definite interest rate while the one in *Morley* v. *Lake Shore & Michigan Southern Ry. Co., supra,* did not, the doctrine there approved is inapplicable. To this we cannot assent; mere recital of a particular rate does not change the nature of the charge as a penalty or liquidated damages.

It should be noted that the county warrants, upon which plaintiff in error sued, bore no interest; if the parties had lawfully stipulated therefor, a different question would have been presented.

The judgment of the court below is

*Affirmed.*