J. B. PRESTON COMPANY, INC., Appellant and Respondent, v. RAYMOND J. FUNKHOUSER et al., Doing Business under the Firm Name of R. J. FUNKHOUSER & COMPANY, Respondents and Appellants.

(Argued January 25, 1933; decided February 28, 1933.)

*Jeremiah A. O'Leary* for plaintiff, appellant and respondent. The court below erred in striking from plaintiff's judgment interest allowed by the trial court as of the end of each contract year. (Civ. Pr. Act, § 480; *Sweeney v. State of New York*, 225 App. Div. 606; 251 N. Y. 417; *Conkey v. Hart*, 14 N. Y. 22; *Matter of Berkovitz v. Arbib*, 230 N. Y. 261; *Matter of Barker*, 230 N. Y. 364; *National Surety Co. v. Architectural Decorating Co.*, 226 U. S. 276; *Sliosberg v. N. Y. Life Ins. Co.*, 244 N. Y. 482; *Supreme Ruler of the F. M. C. v. Snyder*, 227 U. S. 497; *Rosenplanter v. Provident Sav. Loan Assn.*, 96 Fed. Rep. 721; *Salter v. Utica & Black River R. R. Co.*, 86 N. Y. 401; *First Nat. Bank v. Fourth Nat. Bank*, 89 N. Y. 412; *Lee v. Texas*, 184 U. S. 156; *Bernheimer v. Converse*, 206 U. S. 516; *Truax v. Corrigan*, 257 U. S. 312; *Brainard v. Jones*, 18 N. Y. 35; *Prager v. N. J. Fidelity Co.*, 245 N. Y. 6; *People ex rel. Central Trust Co. v. Prendergast*, 202 N. Y. 196; *Matter of Anderson*, 178 N. Y. 416; *White v. Miller*, 78 N. Y. 392.)

*George Link, Jr.*, for defendants, respondents and appellants. The claim did not represent a pecuniary

loss which could be ascertained with reasonable certainty as of a fixed day, and, therefore, plaintiff was not entitled to .interest. (*Horst Co.* v. *Breidt*, 109 Atl. Rep. 727; *Gray* v. *Central R. R. Co. of New Jersey*, 157 N. Y. 483; *Faber* v. *City of New York*, 222 N. Y. 255.) The amendment of section 480 of the Civil Practice Act, in its application to the facts of this case, contravenes the provisions of section 10, article I, and section 1, article XIV, of the United States Constitution, and of section 6, article I, of the New York State Constitution. (*Close* v. *Potter*, 2 Misc. Rep. 1; *Town of Cherry Creek* v. *Becker*, 123 N. Y. 161; *Chicago Great Western R. R. Co.* v. *State of New York*, 197 App. Div. 742; 233 N. Y. 661; *Sweeney* v. *State of New York*, 225 App. Div. 605; 251 N. Y. 417.)

POUND, Ch. J. The question arises in this case of the effect of section 480 of the Civil Practice Act, as amended by chapter 623 of the Laws of 1927, in effect April 4, 1927, on contracts entered into prior to that date, when at the time of the trial the principal sum is unliquidated.

The section now reads as follows: .

" § 480. Interest to be included in recovery. Where *in any action* final judgment is rendered for a sum of money awarded by a verdict, report or decision, interest upon the *total amount* awarded, from the time when the verdict was rendered or the report or decision was made to the time of entering judgment, must be computed by the clerk, added to the *total amount* awarded, and included in the amount of the judgment. *In every action now pending or hereafter brought wherein any sum of money shall be awarded by verdict, report or decision upon a cause of action for the enforcement of or based upon breach of performance of a contract, express or implied, other than a contract to marry, interest shall be recovered upon the principal sum whether theretofore liquidated or unliquidated and shall be added to and be a part of the total sum awarded.*"

The court below has held that so much of the statute as makes it compulsory to allow interest on unliquidated claims cannot apply to a claim for unliquidated damages on a contract entered into before April 4, 1927, as the obligation of such contract would be thereby impaired. (Cf. *Sweeney* v. *State*, 251 N. Y. 417, modifying 225 App. Div. 606.)

" No state shall  *  *  *  pass any  *  *  *  law impairing the obligation of contracts." (U. S. Const. art. I, § 10.)  "A contract is  *  *  *  an agreement in which a party undertakes to do, or not to do, a particular thing." (*Odgen* v. *Saunders*, 12 Wheat. [U. S.] 213, 316, 317.)  By the obligation of a contract is meant the legal obligation of the parties to adhere to the agreement which at the time of contracting the law recognized and made enforceable. (*Odgen* v. *Saunders, supra.*) The question thus resolves itself into this: When the parties enter into a contract the breach of which results in a claim for unliquidated damages, do the parties make an agreement that no interest shall be charged on the principal sum found due in an action thereon which agreement would be impaired by a later statute which permits the recovery of interest? (*Coombes* v. *Getz*, 285 U. S. 434.)

EARL, J., writing for the court in 1879 in *White* v. *Miller* (78 N. Y. 393, 397), discussing the allowance of interest in common-law actions, concluded that it was difficult to deduce from the decided cases any certain rule and suggested that " a statute could probably be framed which would produce more certain, if not juster results."  The rule had not been made certain in 1922 (*Blackwell* v. *Finlay*, 233 N. Y. 361), nor has it since been clarified. (*Prager* v. *N. J. Fidelity & Plate Glass Ins. Co.*, 245 N. Y. 1, 7.)  A rule of uniformity must be found to enable justice to be done.  The tendency is to make interest an incident of the recovery.

In *Faber* v. *New York* (222 N. Y. 255, 262) the court said: "The question of the allowance of interest on unliquidated damages has been a difficult one. The rule on this subject has been in evolution. Today, however, it may be said that if a claim for damages represents a pecuniary loss, which may be ascertained with reasonable certainty as of a fixed day, then interest is allowed from that day. The test is not whether the demand is liquidated. Was the plaintiff entitled to a certain sum? Should the defendant have paid it? Could the latter have determined what was due, either by computations alone or by computation in connection with established market values, or other generally recognized standards?"

When the contract in suit was entered into, this was the somewhat vague and indefinite law of the State of New York. It has never been held to be a part of the obligation of the contract that no interest should be allowed on unliquidated demands. (*Missouri & Arkansas L. & M. Co.* v. *Sebastian County*, 249 U. S. 170, 173.) Interest has been added where the demand has been greatly in excess of the amount determined to be due. (*deCarricarti* v. *Blanco*, 121 N. Y. 230; cf. *Prager* v. *N. J. Fidelity & Plate Glass Ins. Co.*, supra, p. 5.)

The mere fact that the statute is retroactive does not bring it in conflict with the Federal Constitution. (*League* v. *Texas*, 184 U. S. 156, 161, 162.) Nor has a person a vested interest in any rule of law entitling him to have the rule remain unaltered. (*Truax* v. *Corrigan*, 257 U. S. 312, 348.) Interest is the ordinary incident for the non-payment of obligations and compensation is a fundamental principle of damages. (*Prager* v. *N. J. Fidelity & Plate Glass Ins. Co.*, supra, p. 6.) Interest must be allowed as an incident to "just compensation" where property has been taken by eminent domain. (*United States* v. *Rogers*, 255 U. S. 163.) The obligation is the same as to contracts. (*Prager* v. *N. J. Fidelity & Plate*

*Glass Ins. Co., supra.*) The party not performing should not deprive the party not in fault of the use of his money without paying therefor. (*Prager* v. *N. J. Fidelity & Plate Glass Ins. Co., supra.*)

The amendment to section 480 of the Civil Practice Act changes a rule of the common law but it conflicts with no constitutional guaranty. It prevents an escape through procedural difficulties from the real obligation to make full compensation for breach of contract. A claim for damages represents a pecuniary loss which should include interest. The obligation of the contract includes interest. The rule of law was that if the defendant could not determine on any fixed day what was due, no interest could be recoverable because defendant knew not what, if anything, he should pay. That was a rule of convenience, not an agreement to forego interest. The implied obligation of the contract was to pay interest in accordance with the rules of law existing when the case was tried.

Every change in the remedies open to parties to a contract does not constitute an impairment of its obligation. Where the statute deals only with the remedy, the creation of a new and more adequate remedy does not impair the obligation of the contract. (*Sackheim* v. *Pigueron*, 215 N. Y. 62.) A debtor has no substantial right to avoid the payment of interest in full. Courts have always had jurisdiction over claims for interest as an incident to damages. It follows that section 480 is a remedial statute to be construed, according to its literal meaning, to apply to all actions brought after it went into effect, irrespective of the time when the cause of action arose. It changes an existing right of action rather than creates a new right. It vindicates a preexisting right to compensation for breach of contract (*Jacobus* v. *Colgate*, 217 N. Y. 235) which the courts have found it impossible to recognize by reason of difficulties in the way of computing interest.

The judgment should have included the interest allowed by the trial court. Otherwise the decision below seems supported by the evidence and free from legal error.

The judgment of the Appellate Division should be modified by restoring the interest disallowed, and as so modified affirmed, with costs to plaintiff-appellant in this court. (See 261 N. Y. 639.)

CRANE, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur; LEHMAN, J., dissents.

Judgment accordingly.