SAFE DEPOSIT & TRUST CO. OF BALTI-
MORE et al. v. TAIT, Collector of
Internal Revenue.

No. 1610.

District Court, D. Maryland.

Nov. 4, 1932, and April 27, 1933.

Arthur W. Machen, Jr., of Baltimore, Md., for plaintiffs.

Simon E. Sobeloff, U. S. Atty., and Charles G. Page, Asst. U. S. Atty., both of Baltimore, Md., for defendant.

WILLIAM C. COLEMAN, District Judge.

The sole question before the court is whether the Act of June 30, 1932 (26 U. S. Code Annotated, § 2614a), is intended to reduce the rate of interest except as to interest accruing from and after the date of the passage of this act, or, more specifically, whether this act is intended to apply retroactively to any judgments, especially as to interest accrued prior to the judgment and included therein, or to any other interest accruing prior to the date of the passage of the act and allowed by virtue of the judgment; and whether, if it is to be so construed, it is constitutional.

The act provides as follows: "After June 30, 1932, the rate of interest to be allowed or paid shall be 4 percentum per annum whenever interest is allowed by law upon any judgment of whatsoever character against the United States and/or upon any overpayment in respect of any internal-revenue tax. All laws or parts of laws in so far as inconsistent herewith are hereby repealed."

The material facts in the present controversy appear to be as follows: On April 27, 1932, a stipulation was entered into by the parties to the present suit and filed in court, whereby it was agreed that judgment should be entered for the plaintiffs in the sum of $20,216.93, with interest thereon at the rate of 6 per cent. per annum from the 1st day of May, 1923, until such time as the Commissioner of Internal Revenue may determine in accordance with the provisions of subsection b, section 177 of the Judicial Code (being a part of the Revenue Act of 1928), together with costs. This provision is codified under title 28, USCA § 284 (b).

On the same day it appears that judgment was entered, and at the same time a certificate of probable cause was filed under section 989 of the Revised Statutes (28 USCA § 842), so that now plaintiffs are precluded from executing upon the defendant, but in lieu of such right of execution, they have the right to have the amount so recovered paid out of the proper appropriation from the United States Treasury. The judgment has become final. No appeal has been taken, nor has any motion been made to strike out the judgment or to amend it. Payment was delayed. And then on June 30, 1932, there was passed the act which has already been quoted.

Relying upon this act, on July 18, 1932, the Internal Revenue Department transmitted to the plaintiffs a check for the sum of $27,666.40, instead of for $31,285.79, which, as the plaintiffs claim, according to the terms of the judgment and of the stipulation, should have been paid to them. The plaintiffs, however, accepted the check on account and under protest, with an agreement that the same was done without prejudice to their right to recover the full interest which they claim to be due.

The government has made application to have the judgment entered satisfied, and therefore the question is before the court today upon an order nisi entered on the 20th day of September, 1932, whereby the plaintiffs were directed to show cause why this proceeding should not be entered "paid, settled and satisfied."

Summarized more briefly, the sole question is whether the payment of the $20,216.93 with interest at 4 per cent. from May 1, 1923, is a satisfaction of the judgment for that amount with interest at 6 per cent. from May 1, 1923.

■ It is, of course, axiomatic that if there would be ambiguity surrounding the constitutionality of a statute, should one of two possible constructions be placed upon it, then the alternative construction should be placed upon it in order to save its constitutionality. The plaintiffs contend that if the Act of June 30, 1932, is construed to apply retroactively to any interest that accrued before its passage on a judgment previously rendered, it is to that extent unconstitutional.

■ I do not find it necessary to discuss this constitutional phase of the case, because I have no hesitancy in reaching the conclusion that the alternative contention of plaintiffs is sound, namely, that this act was not intended to reduce the rate of interest, except as to interest accruing from and after the date of its passage. It seems to me that any other construction would be straining improperly the very language of the act itself, and would be bringing about a result which was clearly not intended.

I think there is even more force in the contention of the plaintiffs that in any event this act was not intended to apply retroactively to any judgment previously rendered, especially as to interest accrued prior to the judgment and included therein. And, of course, the interest in the present case is divisible into two parts, interest accrued prior to judgment and included therein, and interest that has accrued since the entry of the judgment, and allowed and added to the total amount of the claim; all of this interest, however, having accrued prior to the passage of the Act of June 30, 1932.

I am loath to adopt the tenuous argument which would give to the statute the construction for which the government contends. It is true, the fact that the statute has been passed so recently, and there has therefore been little opportunity to review it, might give this court some additional pause; but I do not hesitate to place the construction upon it which I have just placed, although my reasons for so doing should perhaps be rather fully stated.

I cannot bring myself to believe that, where there was in effect, at the time of the judgment and all during the time during which any interest now claimed accrued, a statute setting out a higher rate of interest, and clearly applicable to cases of this type,

such statute is to be swept aside by giving to a later statute a retroactive effect which does not very definitely and clearly appear from its language. I am not shaken in my view by the phrase in the later statute, "the rate of interest to be *allowed* or *paid* shall be four per centum per annum." (Italics inserted.) We are dealing here with a judgment of the court. The question is, not what the Congress may subsequently say shall be done; but what has already been done, and if done legally by this court pursuant to a constitutional statute in effect and applicable at the time, certainly those words which I have just quoted should be given a common-sense construction. See Bertelsen & Petersen Engineering Co. v. U. S. (C. C. A.) 60 F. (2d) 745, 749; and compare Hind v. U. S. (Ct. Cl.) 41 F. (2d) 892. See, also, In re Condemnation of Land in District of Columbia, decided by Supreme Court of D. C., Nov. 1, 1932.

■ Perhaps what I have said is rendered superfluous by the first phrase of the statute, namely, "After June 30, 1932." Those words, in my opinion, must be taken as they would be construed by any reasonable person in relation to the generally accepted principles of law.

For the aforegoing reasons, therefore, I consider it unnecessary to discuss the contention that, if given a retroactive construction, this act would be unconstitutional. There is weight in the argument. See, for example, Morley v. Lake Shore & M. S. Railway Co., 146 U. S. 162, 13 S. Ct. 54, 36 L. Ed. 925, and Missouri & Arkansas Lumber & Mining Co. v. Greenwood Dist. of Sebastian County 249 U. S. 170, 39 S. Ct. 202, 63 L. Ed. 538.

Similarly, in view of what has been said, I consider it unnecessary to analyze the remaining argument advanced by plaintiffs, namely, that the act does not apply to a judgment against a collector of internal revenue as distinguished from a judgment against the United States, and from an allowance or payment by administrative action, without any court procedure. Assuming, without deciding, that there is also some force in that argument, I prefer to rest my decision upon what I believe to be the true meaning and intent of the statute derived from the language employed.

An order will be signed in conformity with this opinion.