KENNETH S. MACAFFER, as Receiver of the Property, Rights and Assets of THE MECHANICVILLE AND FORT EDWARD RAILROAD COMPANY, and Others, Respondents, *v.* BOSTON AND MAINE RAILROAD, Appellant.

Third Department, July 6, 1934.

*Whalen, McNamee, Creble & Nichols* [*Robert E. Whalen* of counsel], for the appellant.

*Frank L. Wiswall*, for the respondents.

HILL, P. J. Appeal by defendant from an order denying its motion to dismiss the complaint of the Mechanicville and Fort Edward Railroad Company (hereinafter called M. & F. E.). The action is brought by Kenneth S. MacAffer, as receiver of the property, rights and assets of M. & F. E.; Kenneth S. MacAffer, as successor trustee of M. & F. E. and M. & F. E., plaintiffs, against the Boston and Maine Railroad (hereinafter called B. & M.), which now possesses the assets formerly owned by the Fitchburg Railroad Company (hereinafter called Fitchburg), and has assumed the obligations and liabilities of that railroad. It prays for an accounting as to the use by the B. & M. of the Stillwater branch, a short line extending from Stillwater to Mechanicville where it connects with defendant's main line. The complaint seeks to recover such an amount as is shown by the accounting to be due under a lease dated December 9, 1890, between the M. & F. E. and the Fitchburg, whereunder the latter agreed to pay to the former " for the use of said property a rental of one dollar per car for all loaded cars received at or shipped from Stillwater."

The motion is made on the ground that in an action begun in 1916 by the M. & F. E. as plaintiff with the Fitchburg and others as defendants, a judgment was entered upon findings that the plaintiff was not a corporation and was without legal capacity to sue. The pleadings, decision and judgment in the 1916 action are a part of the moving papers. That action was brought to recover, *inter alia*, possession of the Stillwater branch, together with a money judgment for its use. The complaint was dismissed on the

merits after a trial. (103 Misc. 46; affd., 190 App. Div. 887.) The decision contained a finding that " The plaintiff at the time of the commencement of this action was not a corporation," and a conclusion of law: " The plaintiff has not the legal capacity to sue." It also contained findings determinative as to the ownership of the Stillwater branch. " The judgment was therefore no more valid against a non-existing corporation than it would have been if rendered for a like amount against a dead man." (*Pendleton* v. *Russell*, 144 U. S. 640, 645.) The dissolution of the corporation " put an end to the action; and at the time of the rendition of the judgment it had neither legal existence, capacity to be sued, nor any property against which a judgment could be enforced." (*People* v. *Knickerbocker Life Ins. Co.*, 106 N. Y. 619.) Upon dissolution of a corporation or the extinguishment of a corporate existence, it is as if it had never existed so far as liability on a judgment or the capacity to bring an action is concerned. (*Nankivel* v. *Omsk All Russian Government*, 237 N. Y. 150.) Neither an action *in personam* nor one *in rem* may be maintained by or against a dissolved corporation. (*Martyne* v. *American Union Fire Ins. Co.*, 216 N. Y. 183.) A judgment against a dissolved corporation is not enforcible against its receiver who was not a party to the suit. (*Rodgers* v. *Adriatic Fire Ins. Co.*, 148 N. Y. 34.) " At that time the corporation was not in existence, it having been dissolved * * *. And the defendant having been appointed receiver of its property and effects, the corporation had no longer any legal existence or capacity to be sued, or any property which could be subjected to a judgment to be rendered against it." (*McCulloch* v. *Norwood*, 58 N. Y. 562, 566.) The court in the 1916 action having found lack of capacity to sue through loss of the corporate franchise, all findings as to the ownership of property or choses in action once possessed by the corporation were void. The corporation was dead — the title to its property was in its representatives.

The decision in the 1916 action being *res judicata* that then the M. & F. E. had not capacity to sue, it remains to be determined whether section 29 of the General Corporation Law, as amended (Laws of 1932, chap. 552), is retroactive and permits the bringing of this action with that corporation as one of the plaintiffs. The material part of the section now reads: " Upon the dissolution of a corporation for any cause and whether voluntary or involuntary its corporate existence shall continue for the purpose of paying, satisfying and discharging any existing liabilities or obligations, collecting and distributing its assets and doing all other acts required to adjust and wind up its business and affairs, and it may sue and

be sued in its corporate name." Until the 1932 amendment the section provided in substance that upon the dissolution of a corporation its directors, " unless other persons shall be designated by law, or by a court of competent jurisdiction," were to be trustees for the purpose of administering and marshaling its property for the benefit of creditors and stockholders, and for those purposes " such trustees shall have power in the corporate name by one or more of their number thereunto designated to transfer and convey its property, and may sue and be sued in such name." If the amendment provides a remedy for the redress of a wrong or the enforcement of a right where none before existed, it is prospective. (*Preston Co.* v. *Funkhouser*, 261 N. Y. 140; *Jacobus* v. *Colgate*, 217 id. 235; *Shipman* v. *Treadwell*, 208 id. 404; *Germania Savings Bank* v. *Suspension Bridge*, 159 id. 362.) If the right to recover existed before and the amendment relates to procedure and merely prescribes a remedy, it is retroactive. (*Deuscher* v. *Cammerano*, 256 N. Y. 328; *Jacobus* v. *Colgate, supra; Laird* v. *Carton*, 196 N. Y. 169.)

Assuming the lease sued upon to be enforcible, as we must in making this decision, the defendant became indebted one dollar for each loaded car received at or shipped from Stillwater after December 9, 1890. The obligation accrued to the corporation while it existed, then to the trustees who acted for creditors and stockholders. It was a chose in action recoverable by any owner or trustee with a capacity to sue. The statute earlier provided that after dissolution of the corporation the action should be brought by the directors or one or more of them designated for that purpose and gave them leave to sue in the name of the corporation. The 1932 amendment changes the procedure and provides that upon dissolution the corporate existence shall continue for the purpose of bringing the action. The change is in procedure only and is retroactive.

The order denying the motion should be affirmed, with costs.

BLISS and HEFFERNAN, JJ., concur; RHODES, J., concurs except as to the statement in the opinion that the retroactive effect of the statute is applicable here; CRAPSER, J., dissents.

CRAPSER, J. (dissenting). I dissent from Justice HILL's opinion for affirmance and vote to reverse the order appealed from on the ground that the Mechanicville and Fort Edward Railroad Company at the time of the commencement of this action had not, and has not now, legal capacity to sue.

Order affirmed, with ten dollars costs.