## GLADES COUNTY, FLA., et al. v. KURTZ.
### No. 8908.

Circuit Court of Appeals, Fifth Circuit.
Feb. 20, 1939.

B. A. Bales, of Moore Haven, Fla., for appellants.

R. E. Kurtz, of Fort Myers, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This is an appeal from a judgment in a mandamus proceeding by appellee against the Board of County Commissioners and certain appropriate officers to compel the collection of funds by taxation, and the payment of a judgment outstanding against Glades County, Florida. There is a motion to dismiss the appeal, filed by appellee, but it will be overruled, and the cause decided on the merits.

The sole question which we deem necessary to discuss relates to the rate of interest on the judgment against said county, the appellant. It is alleged in the petition of appellee for mandamus that the judgment bore interest at the rate of 8% per annum from the date of entry, in accordance with the statute in effect at that time, and that it continued to bear interest at the same rate, notwithstanding a change in the law by the Florida Legislature.

The judgment held by appellee, dated November 14, 1932, was for the amount of the contract price of labor and materials furnished for the construction of a court house for appellant, together with damages for the breach of said contract, plus a further sum as interest at 8% per annum to date thereof. It does not appear that there was any provision for interest in the written contract by virtue of which the judgment was obtained or rendered; and no provision was set out in the judgment as to what, if any, interest it should bear after the date of its entry.

At the time of the rendition of the judgment, the Florida statute, in effect since 1866, provided that all judgments and decrees should bear interest at the rate of 8% per annum.[1] The amendment,[2] effective July 1, 1933, reads as follows:

"All judgments (and decrees) shall bear interest at the rate of six per centum per annum; provided however, that when such judgment or decree shall be obtained or rendered on a written contract or obligation providing for interest at a less rate than six per cent per annum then such judgment or decree shall bear interest at the rate specified in such written contract or obligation."

It is conceded that there was no intention on the part of the Florida Legislature to divest or reduce the interest which had accrued on the judgment before the amendment was passed, appellant contending that the rate was reduced to 6% on and after that date. The appellee contends, and the lower court held, that, notwithstanding the provisions of the amendatory act, the judgment bore interest at the rate of 8% per annum from date of its rendition to date of the decision under review. We agree with the appellant that after July 1, 1933 (the effective date of the amendment), the rate of interest was reduced to 6% per annum.

The principal contention of appellee is that the judgment and the statute consti-

[1] Section 2806 of the Revised General Statutes of 1920 (Florida), Section 4493, Compiled General Laws of 1927.

[2] Chapter 16051, House Bill 199, Laws of Florida, Acts 1933.

tute a contract for the rate of interest specified in the statute. We are unable to concur in this view. Without regard to an express provision in the judgment for interest after date of entry, the statute in question fixed the amount to be recovered on the judgment as damages for its non-payment. The rate thus determined was not contractual, and the power of the state to change or modify it was neither exhausted by the rendition of the judgment nor restricted by constitutional limitations. It is immaterial whether or not the provision of the statute is expressed in the judgment. The theoretical correctness of appellee's contention that a judgment is the highest form of contract may be conceded,[3] but it is illustrative of no principle here involved. In the sense that it is a contract, the provision of the judgment, whether expressed or implied, providing for payment of interest is an expression of the sovereign will, supplying whatever may be lacking in mutual consent. When, because of changing conditions, the will relaxes and substitutes a new and different provision, it modifies or impairs no contract that the parties have made. Morley v. Lakeshore & M. S. Ry. Co., 146 U.S. 162, 13 S.Ct. 54, 36 L.Ed. 925. See, also, Missouri & Arkansas Lumber & Mining Co. v. Greenwood District, 249 U.S. 170, 39 S.Ct. 202, 63 L.Ed. 538; 28 U.S.C.A. § 811.

It is noted that the statute does not say that judgments shall provide for interest (and in the instant case we have seen that there was no such express provision), but that they shall bear interest. In this form, it may be held to be self-executing, the provision of the judgment, expressed or implied, being declaratory of the statute. As indicated above, in the absence of a binding contractual obligation, the matter rested entirely with the Legislature. The case of Myrick v. Battle, 5 Fla. 345, is not in point. The holding of the court in that case was based upon the proposition that the interest to be collected was an implied provision of the contract. The court expressly excluded consideration of the power of the Legislature to alter the rate. The judgment under review should have provided for interest at 8% per annum until July 1, 1933, and for 6% per annum thereafter.

The motion to dismiss is overruled, the judgment appealed from is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

---

[3] Blackstone, Vol. 2, page 160: "It is a part of the original contract entered into by all mankind who partake of the benefit of society to submit in all points to the municipal constitutions and local ordinances of the state of which each individual is a member. Whatever, therefore, the laws order anyone to pay, that becomes instantly a debt which he had beforehand contracted to discharge."