■     In the Matter of Sylvia Potak, Respondent, v. Herbert Potak, Appellant.— In a proceeding under subdivision (c) of section 466 of the Family Court Act to enforce the support provisions of a foreign decree which terminated the marriage of the parties to this proceeding, the former husband appeals from an order of the Family Court, Queens County, entered May 17, 1966, which (1) denied his motion to dismiss the petition, (2) directed him to comply with the provisions of such decree, i.e., to pay $100 a week to petitioner for her support and for support of the parties' child and (3) further directed him to pay $10 a week on account of arrears in such support obligations and a $500 counsel fee to petitioner's attorney, at the rate of $50 a week. Order modified, in the exercise of discretion and on the law and on the facts, by reducing the amount of the counsel fee to $350. As so modified, order affirmed, without costs. The findings of fact which are inconsistent herewith are reversed and new findings are made as indicated herein. We find that the amount of the counsel fee as awarded was excessive to the extent indicated. In our opinion, the amendment to subdivision (c) of section 466 of the Family Court Act (L. 1965, ch. 355) is valid when applied to foreign decrees entered prior to September 1, 1965, the effective date of the amendment (cf. *I. L. F. Y. Co.* v. *Temporary State Housing Rent Comm.,* 10 N Y 2d 263, 270; *Preston Co.* v. *Funkhouser,* 261 N. Y. 140, 144; *Myer* v. *Myer,* 271 App. Div. 465, 474, affd. 296 N. Y. 979; *Shielcrawt* v. *Moffett,* 294 N. Y. 180, 188). We find no merit in appellant's other contentions. Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

■     19 South Main Street Corp., Respondent, v. Rockland Secretarial School, Inc., Appellant.— In consolidated actions, in which (a) 19 South Main Street Corp., styled as plaintiff in its amended complaint, seeks *inter alia* to recover rent allegedly due from Rockland Secretarial School, Inc., under a lease and (b) the latter, styled as defendant, has counterclaimed for return of a security deposit paid to the former pursuant to the lease, defendant appeals from an order of the Supreme Court, Rockland County, entered June 17, 1966, which denied its motion for summary judgment, unconditionally as to the amended complaint and conditionally as to the counterclaims. (For prior appeal, see 24 A D 2d 465.) Order affirmed, without costs. Plaintiff's claims, the validity of which is supported by proof sufficient to create issues of fact, are for an amount in excess of the sum sought to be recovered by defendant. Under these circumstances, defendant's motion for summary judgment should be denied, even though plaintiff concedes the unlawful commingling of the security deposit with its own funds, which commingling is the basis for one of the counterclaims (*Illinois McGraw Elec. Co.* v. *John J. Walter, Inc.,* 7 N Y 2d 874; *Obedin* v. *Tennyson Ct.,* 23 A D 2d 852). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.