HARRIS, Judge.
The issue in this appeal is whether the 1994 amendment to section 55.03, Florida Statutes (Supp.1994), affects the legal rate of interest accruing on a final judgment entered before the effective date of such amendment. We hold that it does not and affirm the trial court.
In January, 1994, a judgment was entered against Beverly Enterprises — Florida, Inc. The legal interest rate at the time of entry of the judgment was 12%. The judgment was upheld on appeal. See Beverly Enterprises-Florida, Inc. d/b/a Eastbrooke Health Care Center v. Wilbur W. Spilman, 661 So.2d 867 (Fla. 5th DCA 1995), rev. denied, 668 So.2d 602 (Fla.1996). After the judgment was entered and while the cause was on appeal, the legislature enacted the above-referenced amendment which reads:
(1) On December 1 of each year beginning December 1, 1994, the Comptroller of the State of Florida shall set the rate of interest that shall be payable on judgments or decrees for the year beginning January 1 by averaging the discount rate of the Federal Reserve Bank of New York for the preceding year, then adding 500 basis points to the averaged federal discount rate. The Comptroller shall inform the clerk of the courts and chief judge for each judicial circuit of the rate that has been established for the upcoming year. The initial interest rate established by the Comptroller shall take effect on January 1, 1995, and the interest rate established by the Comptroller in subsequent years shall take effect on January 1 of each following year. Judgments obtained on or after January 1, 1995, shall use the previous statutory rate for the time periods before January 1, 1995, for which interest is due and shall apply the rate set by the Comptroller for time periods after January 1, 1995, for which interest is due. Nothing contained herein shall affect a rate of interest established by written contract or obligation. (Emphasis added.)
This language makes it clear that the legislature was establishing a procedure for fixing a flexible interest rate for judgments entered on or after January 1, 1995. This is not such a judgment. We believe the reasoning of the court in Applestein v. Simons, 586 So.2d 441, 442 (Fla. 3d DCA 1991), rev. denied, 598 So.2d 78 (Fla.1992), is equally applicable to our case:
Judgment was entered on the 19th day of September, 1979, and at that time interest accrued at the rate of 8% per annum on judgments rendered in circuit court. The interest rate on judgments was increased to 10%, effective October 1, 1980. The interest rate on judgments was again increased to 12%, effective October 1, 1981. [Footnotes omitted].
Generally the interest rate would change on a unsatisfied final judgment as the statute proscribing the rate of interest is amended, unless otherwise provided in the basic agreement upon which the final judgment was rendered. See Glades County, Fla. v. Kurtz, 101 F.2d 759 (5th Cir.1939); Anno. 41 AL.R.4th 694, § 6 p. 703 and cases cited therein. However, in the in *1232 stant case the several statutes which alter the interest rate specifically excluded the application of the new rate in a retroactive manner. [FN 4].
FN4. Chapter 80-110, Section 2. “This act shall apply to any judgment or decree entered on or after the effective date of this act.
Section 3. This act shall take effect October 1,1980.”
Chapter 81-113, “(1) Ajudgment or decree entered on or after October 1, 1981 shall bear interest at the rate of 12 percent a year unless the judgment or decree is rendered on a written contract or obligation providing for interest at a lesser rate, in which case the judgment or decree bears interest at the rate specified in such written contract or obligation.”
Therefore, for reasons stated, the final order under review is reversed and remanded to the trial court for reconsideration and the entry of a total amount due based on interest accrued at the rate of 8% per annum in accordance with Sec. 55.03(1), Florida Statutes (1991).
We believe the current statutory language also limits its applicability to those judgments entered on or after its effective date. For that reason, we affirm the court below.
AFFIRMED.
PETERSON, C.J., and ANTOON, J., concur.