# UNITED STATES *v.* COPPER QUEEN MINING COMPANY.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 218. Argued April 11, 14, 1902.—Decided May 19, 1902.

In this case there is nothing whatever in the bill of exceptions to show that the evidence contained therein is all the evidence that was given on the trial, and the court cannot presume, for the purpose of reversing the judgment, that there was no evidence given upon which the jury might rightfully have found the verdict which they did.

THE case is stated in the opinion of the court.

*Mr. Marsden C. Burch* for the United States.

*Mr. William Herring* and *Mr. John C. Chaney* for defendant in error.

MR. JUSTICE PECKHAM delivered the opinion of the court.

The government has brought this case here by writ of error for the purpose of reviewing a judgment of the Supreme Court of Arizona, affirming a judgment entered upon the verdict of a jury in favor of the defendant. The action was to recover $183,000, being the alleged value of about 5,900,000 feet of timber, said to have been wrongfully cut and taken by the defendant from the surveyed and unsurveyed public lands of the United States in a cañon in the Chiricahua Mountains, sixty miles from the town of Wilcox on the Southern Pacific Railroad Company, in the Territory of Arizona.

The answer joined issue upon the allegations of the complaint, and also set up that the timber was cut by one Ross from public mineral lands of the plaintiff, and was so cut and removed from those lands under the authority of the act of Congress of June 3, 1878, 20 Stat. 88, the material portion of which reads as follows:

"That all citizens of the United States and other persons, *bona fide* residents of the State of Colorado, or Nevada, or either

of the Territories of New Mexico, Arizona, Utah, Wyoming, Dakota, Idaho, or Montana, and all other mineral districts of the United States, shall be, and are hereby, authorized and permitted to fell and remove, for building, agriculture, mining or other domestic purposes, any timber or other trees growing or being on the public lands, said lands being mineral, and not subject to entry under existing laws of the United States, except for mineral entry, in either of said States, Territories, or districts of which such citizens or persons may be at the time *bona fide* residents, subject to such rules and regulations as the Secretary of the Interior may prescribe for the protection of the timber and of the undergrowth growing upon such lands, and for other purposes : *Provided,* The provisions of this act shall not extend to railroad corporations."

The answer further set up that Ross had good right and lawful authority to cut and remove the timber, and that it was cut and removed from such lands in good faith, and at the time that he so cut and removed the timber Ross was a citizen of the United States of America and a *bona fide* resident of the Territory of Arizona.

A trial was had in the District Court before a judge and jury, and upon the close of the evidence counsel for the government made a motion that the court instruct the jury to find on the evidence a verdict for the government, which was refused and an exception taken.

Among other things the court charged the jury as follows :

" It is also incumbent upon the defendant, in order to avail itself of the permission granted by said act of June 3, 1878, and in order to justify its purchase and consumption of said timber, to show by a preponderance of the evidence that Daniel D. Ross, at the time of the cutting and removal of said timber from the lands of the plaintiff, was a citizen of the United States and was a *bona fide* resident of the Territory of Arizona. And should the evidence in this case fail to establish that, at the time of the cutting and removal of said timber, the said Daniel D. Ross was a citizen of the United States, and a *bona fide* resident of the Territory of Arizona, you must find for the plaintiff, without regard to the mineral or non-mineral character of the land."

The jury found a verdict for the defendant, after which a motion for a new trial was made and denied by the trial judge. An appeal from the judgment entered upon the verdict was then taken to the Supreme Court of the Territory, where it was affirmed.

It thus appears that the judge held, and so charged the jury, that Ross, who did the cutting, must have been not only a *bona fide* resident of the Territory, but also a citizen of the United States; and if he were not, then the plaintiff was entitled to a verdict. The Government now says there was no evidence in the case that Ross was a citizen of the United States, nor any tending to show he was a *bona fide* resident of Arizona at the time the cutting was done, and that unless Ross were such citizen and also a *bona fide* resident of the Territory, his cutting of the timber was wrongful and the Government was entitled to a verdict. The verdict must be regarded as a finding that Ross was a citizen of the United States and a *bona fide* resident of the Territory when the cutting was done. If he were, there is no question made about his right to cut. The motion on the part of the Government at the close of the evidence to direct a verdict for the Government upon all the evidence, and the exception to the refusal of the court so to do, would raise the question whether there was any evidence of the citizenship of Ross and of his residence in the Territory when the cutting was done, upon which to base a verdict, were it not that the bill of exceptions lacks an essential statement for that purpose.

It does not appear from the bill that it contains all the evidence given upon the trial. It may be that it does, but we cannot, in the absence of any statement in the bill to that effect, presume it does for the purpose of reversing the judgment herein, upon the assumption that the proper construction of the act of Congress requires such citizenship as well as residence. When this court is asked to reverse a judgment entered upon a verdict of a jury, upon a writ of error, upon the ground that there is absolutely no evidence to sustain it, and the court should have directed a verdict, the bill of exceptions must embody a statement or there must be a stipulation of counsel declaring that the bill contains all the evidence given upon the trial so that the

record shall affirmatively show the fact. *Russell* v. *Ely*, 2 Black, 575, 580. In the cited case the court, after remarking that the bill of exceptions did not purport to give all that a certain witness had testified to, said that according to a well-known rule the court under such a condition of the record was bound to presume that there was that in the witness's testimony which justified the instruction. It was then added by the court : " What purports to be the entire deposition of Baker is sent up by the clerk of the District Court, and is printed in the record before us, and if properly before us might sustain the exception. But this deposition is not incorporated into the bill of exceptions, nor so referred to in it as to be made a part of the record of the case. It is only a useless encumbrance of the transcript, and an expense to the litigating parties." The court thus refused to look at the deposition which purported to be the entire deposition of the witness because it was not made a part of the bill of exceptions.

In this case there is nothing whatever in the bill of exceptions to show that the evidence contained therein is all the evidence that was given on the trial, and we cannot presume, for the purpose of reversing the judgment, that there was no evidence given upon which the jury might rightfully have found the verdict which they did.

So, in *Texas & Pacific Railroad Company* v. *Cox*, 145 U. S. 593, 606, which was an action to recover damages against the company for the death of plaintiff's husband, resulting from the negligence of the company, it was remarked, in regard to the evidence in the case, that " The bill of exceptions does not purport to contain all the evidence, and it would be improper to hold that the court should have directed a verdict for defendants for want of that which may have existed."

It is true there is printed herein, together with the bill of exceptions, the statement that a motion for a new trial was made, and the remarks of the court are set forth upon his denial of the motion. The court said that if the verdict were to be set aside, it would have to be based solely upon the failure of evidence to show that Ross was a citizen of the United States, but the court also remarked that at the time when he gave the

instruction to the jury, that Ross must have been not only a *bona fide* resident of the Territory but a citizen of the United States, when the cutting of the timber was done, he believed it to be a true expression of the law applicable to the case under the pleadings. It is plain that in the view of the judge when the case was submitted to the jury, he thought there was evidence upon which a jury might find the fact of the citizenship of Ross. His subsequent statement made upon the refusal to grant a new trial, which inferentially, perhaps, admits that there was not sufficient evidence to show that Ross was such citizen, leaves a foundation for the belief that there was room upon the evidence for a difference of opinion in regard to that fact. However that may be, the record is in such a state that we cannot say that all the evidence given upon the trial is contained in the bill of exceptions, and, therefore, we cannot say that there was no evidence of the residence, and of the citizenship of Ross, upon which the verdict of the jury might be sustained. If there were evidence that Ross was a citizen and a *bona fide* resident, it is admitted that the verdict could not be disturbed by this court. There may have been evidence upon both propositions sufficient to sustain the verdict.

The judgment must, therefore, be

*Affirmed.*