## McHALE v. HULL.

(Circuit Court of Appeals, Seventh Circuit. January 18, 1927.)

No. 3780.

1. Appeal and error ⬉696(1)—For review of sufficiency of evidence, bill of exceptions must certify inclusion of all material evidence.

For review of assignment predicated on insufficiency of evidence to support judgment, there must be bill of exceptions certified to include all the material evidence.

2. Exceptions, bill of ⬉16—Compliance with court rule for condensed and narrative form of evidence in bill of exceptions is necessary (Circuit Court of Appeals rule 10, par. 2).

Circuit Court of Appeals rule 10, par. 2, requiring evidence in bill of exceptions to be set out in condensed and narrative form, must be complied with.

3. Appeal and error ⬉989—Finding prevails on appeal, if there is any evidence to support it.

The only inquiry on review of finding for insufficiency of evidence is whether there is any evidence to support it.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by Morton D. Hull against Thomas C. McHale, administrator of John C. Cannon, Collector of Internal Revenue for the First District of Illinois, deceased. Judgment for plaintiff, and defendant brings error. Affirmed.

Edwin A. Olson, of Chicago, Ill., for plaintiff in error.

Henry A. Gardner, of Chicago, Ill., for defendant in error.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

PER CURIAM. Plaintiff brought this action to recover large sums improperly collected from him as income taxes during the years 1917–18. The cause was tried before the court without a jury. No special findings of fact were made. Judgment was rendered in favor of the taxpayer.

[1] The only assignment of error is predicated upon the alleged insufficiency of the evidence to support the judgment. Unfortunately, this assignment of error cannot be considered, for there is no properly authenticated bill of exceptions. To present plaintiff in error's question, there must be a bill of exceptions, duly and timely approved by the judge, whose certificate should show that all the material evidence was included therein. United States v. Copper Queen Mining Co., 185 U. S. 495, 22 S. Ct. 761, 46 L. Ed. 1008; Collier v. United States, 173 U. S. 79, 19 S. Ct. 330, 43 L. Ed. 621.

[2] Moreover, plaintiff in error failed to comply with rule 10, par. 2, of the rules of this court, which requires the evidence in the bill of exceptions to be set forth in condensed and narrative form. The same necessity for complying with this rule exists as for observing Supreme Court equity rule 75, the evil consequences of a violation of which this court recently pointed out in the case of Barber Asphalt Paving Co. v. Standard Asphalt & Rubber Co., 16 F.(2d) 751. Notwithstanding these fatal deficiencies in the bill of exceptions, which in and of themselves prevent our disturbing the judgment, we have considered the contention of plaintiff in error on the hypothesis that his statement of the facts is accurate and complete.

[3] From our consideration of his contention, we are persuaded that the evidence does furnish support for the District Judge's conclusion respecting the amount which this taxpayer was entitled to deduct from his yearly income. Authority for making such deductions is to be found in the statutes. See section 5 of federal Income Tax Law (39 Statutes at Large, 759), approved September 8, 1916. Plaintiff's income was derived in part from iron ore royalties. The mining of the ore depleted to a certain extent the value of the mines. The District Judge determined the amount of such depletion in accordance with the rule prescribed by the statute, and this sum was properly deducted from the taxpayer's income.

The evidence, it seems to us, sustains on at least two theories the finding of the trial court. Inasmuch as we would, if this question were before us properly, merely inquire into the testimony to ascertain whether there is any evidence to support the finding, a situation is presented which necessitates an affirmance.

The judgment is affirmed.