## COGAR v. COMMISSIONER OF INTERNAL REVENUE.

No. 5592.

Circuit Court of Appeals, Sixth Circuit.

Nov. 10, 1930.

Frank V. Benton and C. W. Yungblut, both of Newport, Ky., for petitioner.

Helen R. Carloss, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and J. Louis Monarch, C. M. Charest, and Dean P. Kimball, all of Washington, D. C., on the brief), for respondent.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

HICKS, Circuit Judge.

In 1881 the estate of one Bradford, herein called Bradford, leased a vacant lot in Cincinnati to the Emerys for a term of 99 years, renewable forever, at an annual rental of $10,200. In performance of their covenant the Emerys within three years thereafter constructed, equipped, and maintained the Palace Hotel thereon. On February 23, 1921, they sold their leasehold to one Baker, who in turn sold to Andrews and Richardson. Later Richardson sold his interest to Andrews, and from October 4, 1922, Andrews owned two-thirds undivided interest and held the remaining one-third in trust for Baker. The lessee was required to "deliver up the premises at the end of the term in as good order and condition as they then were or should be put by the lessee, reasonable use and ordinary wear and tear thereof excepted." Petitioner, executrix of the estate of Andrews, took deductions in her income tax returns for the years 1921, 1922, and 1923 for depreciation of the building, machinery and equipment. The commissioner disallowed these deductions and assessed deficiencies in the sums of $8,707.76, $21.61, and $79.87 for the respective years. The Board of Tax Appeals sustained the commissioner and petitioner seeks review. The board followed Weiss v. Wiener, 279 U. S. 333, 49 S. Ct. 337, 73 L. Ed. 720. The cases are similar in that Wiener and petitioner were both obligated to keep up the buildings, but neither had lost anything on this account and neither was therefore entitled to take deductions and upon this feature Weiss v. Wiener controls. There is a further likeness in that both Wiener and the Emerys paid an annual rental, but here the analogy stops, and we think Weiss v. Wiener is in point no further. Wiener leased the lot improved with the buildings; the Emerys leased a vacant lot. Wiener took the lease with the buildings, but he invested nothing in new buildings or improvements upon the old and he was not therefore entitled to take deduction for depreciation. The Emerys invested their capital in the hotel building and were entitled to a return of their investment. They were entitled to this in "the form of an allowance for depreciation" because the board found that the probable life of the building and improvements is less than the remainder of the term of the lease. Revenue Act of 1921, c. 136, § 214(a)(8), 42 Stat. 227, and Reg. 62, art. 109 thereunder, dealing with rentals. The relevant part of article 109 is found in the last three sentences thereof, as follows:

"The cost borne by a lessee in erecting buildings or making permanent improvements on ground of which he is lessee is held to be a capital investment and not deductible as a business expense. In order to return to such taxpayer his investment of capital, an annual deduction may be made from gross income of an amount equal to the total cost of such improvements divided by the number of years remaining of the term of lease, and such deduction shall be in lieu of a deduction for depreciation. If the remainder of the term of lease is greater than the probable life of the buildings erected, or of the improvement made, this deduction shall take the form of an allowance for depreciation. * * *"

True, the title to the hotel upon its completion vested lawfully in Bradford but this affected neither the ownership of the Emerys to the enhanced leasehold nor their right to exhaustion or depreciation thereon. The statute does not confine this right to the owner of the fee. As stated in Gladding Dry Goods Co., 2 B. T. A. 336, 338, "the important question is not, in whom vests the fee or when it vested, but who made the investment of the capital which is to be recovered over the period of the exhaustion of the property. The one who made the investment is entitled to its return."

So long as the Emerys enjoyed an income from the hotel, they were entitled to salvage therefrom their losses upon exhaustion or depreciation account but having sold their leasehold with its rights and privileges, covenants, and conditions, for a price, their income and their right to deductions terminated. No question is made upon the validity of the various sales and transfers. The leasehold was alienable and the parties were

competent to contract. Petitioner is entitled to the income therefrom. The statute, section 214(a)(8), directs that in computing net income *"there shall be allowed as deductions* * * * (8) *A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence."* (Italics ours.) In the face of this statute we find no reason for the disallowance. See Duffy v. R. R. Co., 268 U. S. 55, 64, 45 S. Ct. 429, 69 L. Ed. 846. The depreciation and resulting loss were constant. The commissioner said in the present case: "After consideration of the evidence in the case, it is the opinion of this office that the examining officer is correct in allowing as a return of capital an aliquot part of the cost of the lease over the life of said lease. The Bureau has constantly held that a lessee under a 99-year lease, renewable forever, is not entitled to a deduction for depreciation on buildings situated on the property." This statement is sound as an abstract proposition. The commissioner had authority for it in the first sentence of Reg. 62, art. 109, supra, to wit: "Rentals. Where a leasehold is acquired for business purposes for a specified sum, the purchaser may take as a deduction in his return an aliquot part of such sum each year, based on the number of years the lease has to run." See, also, Wm. H. Ostheimer, 1 B. T. A. 18; Brevoort Hotel Co. v. Reinecke, 36 F.(2d) 51 (C. C. A. 7); Belt Ry. Co. v. Commr., 36 F.(2d) 541 (App. D. C.); and Ohio Cloverleaf Dairy Co. v. Com'r, 13 B. T. A. 1320, affirmed without opinion in 34 F.(2d) 1022 (C. C. A. 6).

But the obstacle is that the proposition is not relevant here. It is applicable to a leasehold acquired from a landlord for business purposes, i. e., an improved leasehold, for a specified sum. The lessee having invested nothing other than a specified sum, his investment may therefore be returned to him in aliquot parts annually and he is fully protected for all his outlay. The sentence quoted from article 109, Reg. 62, supra, is, like Weiss v. Wiener and other cases cited, supra, inapplicable where a lessee erects buildings at his own cost upon a previously acquired leasehold. Such case is provided for in the last three sentences of Reg. 62, art. 109, above quoted, and should control; oth-

erwise section 214(a)(8) goes unheeded and invested capital is lost to the taxpayer. It is a mistake to assume that the Emerys were landlords or that petitioner acquired the lease from them. She acquired it through them but not from them. Bradford was the landlord and lessor, the Emerys the lessees and assignors, and petitioner the assignee of the original lessees. The price paid to the Emerys for the lease in no wise represented rental. It represented consideration for property sold. Petitioner attorns to Bradford, not to the Emerys. She must pay ground rent and meet the other obligations and conditions of the lease to the end of the term.

A different situation would arise if the Emerys, after the erection of the hotel, had canceled their lease and surrendered possession and if thereafter Bradford should have executed a lease to Baker, or if the Emerys had owned the fee in the lot and after the erection of the hotel had leased to Baker. Such cases would parallel Weiss v. Wiener and be controlled by the first sentence of Art. 109, Treas. Reg. 62, supra.

Respondent insists that petitioner has failed to show any proper basis upon which depreciation could be computed and that therefore the decision of the board should be affirmed. Upon this point the board made a specific finding.[1] From uncontroverted averments in the petition this finding was based upon a stipulation of the parties. However this may be, none of the evidence before the Board of Tax Appeals is returned with the record and we cannot therefore review the question. U. S. v. Copper Queen Min. Co., 185 U. S. 495, 497, 22 S. Ct. 761, 46 L. Ed. 1008; Kendrick Coal & Dock Co. v. Com'r, 29 F.(2d) 559, 563 (C. C. A. 8).

Judgment reversed, and the case remanded, with directions to the Board of Tax Appeals to sustain petitioner's appeal and enter appropriate orders in accordance.

---

[1] "At the date of the 'Agreement of Lease' and the assignment thereof by Baker, the unexpired useful life of the building upon the demised premises was fifteen years and the remaining useful life of the machinery and equipment was ten years. The value of the building was $337,462.23 and of the machinery and equipment $31,028.69. The proper rates of depreciation are 6-2/3 per cent. per annum upon the building and 10 per cent. per annum upon the machinery and equipment."