## COGAR v. COMMISSIONER OF INTERNAL REVENUE.
### No. 5592.

Circuit Court of Appeals, Sixth Circuit.
May 13, 1931.

For former opinion, see 44 F. (2d) 554.

Frank V. Benton and C. W. Yungblut, both of Newport, Ky., for petitioner.

Helen R. Carloss, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and J. Louis Monarch, C. M. Charest, and Dean P. Kimball, all of Washington, D. C., on the brief), for respondent.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

PER CURIAM.

The original petition of the taxpayer, the answer of the Commissioner thereto, the finding of facts by the Board of Tax Appeals, the order of the Board denying a review of its findings, and the petition to rehear, all support our conclusion [44 F. (2d) 554] that the petitioner's testator owned from October 1, 1922, a two-thirds interest of the Emery leasehold in his own right, and the remaining one-third in trust for Baker.

Allowance for depreciation of improvements upon property acquired since March 1, 1913, is based upon the cost thereof.

The point of the petition to rehear is that the order of the Board of Tax Appeals should have been affirmed because the case is here solely as a question of law upon the Board's findings of fact, and because the Board failed to find the cost to the taxpayer of the improvements upon the leasehold. This question does not appear to have been raised before the Board. Had it been, the Board could not have fixed any exact sum that would represent the cost to the taxpayer of the improvements, because the purchase by Andrews was not upon the basis of separate considerations for the lot and the improvements. The price was for the leasehold as improved.

Upon the hearing before the Board, the parties seem naturally to have assumed that the value of the improvements at the date of the sale to Andrews would comparatively represent their cost. They therefore agreed upon separate values: (1) For the building; and (2) for the machinery and equipment, and upon the proper rates, in the event depreciation should be allowed. This agreement, as stated in our opinion, was recognized and confirmed by the Board. We see no reason for such a stipulation, except for the purpose of arriving substantially at the cost for taxation purposes of the improvements, but it is urged that these values do not even in a comparative sense represent cost, because the Board failed to definitely find the entire cost of the leasehold with the improvements included. The Board would in all probability have set out in its original findings the aggregate cost of the improved leasehold if the matter, after having been brought to its attention, had been thought material. We think, however, that the respondent's contention in this particular loses its force in view of the subsequent finding of the Board in its order denying a review, and in which it is stated "the lessee erected buildings and improvements on the property which had a value some forty years later of over three hundred thousand dollars when the original lessee sold this lease to our petitioner for approximately one million dollars subject to all its terms and conditions."

The petition to rehear is denied.