## SNEAD v. LITTLE CAHABA COAL CO.
### No. 6110.

Circuit Court of Appeals, Fifth Circuit.
Nov. 17, 1931.

Rehearing Denied Dec. 14, 1931.

G. A. Youngquist, Asst. Atty. Gen., and Joe S. Franklin, Atty., Bureau of Internal Revenue, of Washington, D. C., and John B. Isbell, U. S. Atty., and J. Osmond Middleton, Asst. U. S. Atty., both of Birmingham, Ala., for appellant.

William S. Pritchard, of Birmingham, Ala., for appellee.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This was an action at law by the appellee for the recovery of the amount of additional income and excess profits taxes for the calendar year 1918, assessed against the appellee, and paid by it to appellant under protest. A jury was waived, and the court made special findings of fact, stated conclusions of law, and rendered judgment in favor of the appellee on October 7, 1929. The appellee has submitted a motion to "strike from the record in this cause the document claimed to be a Bill of Exceptions, as the same now appears in the transcript of record in this proceeding; and/or in the alternative to affirm the judgment for appellant's failure to comply with Rules of this Court respecting the preparation of Bills of Exception; and/or in the alternative to strike the alleged transcript of the record in this cause." That motion stated sundry grounds, including those

indicated below. The appellant has submitted a motion that he be granted permission to enter on specified pages of the printed record the identifying numbers of exhibits to the bill of exceptions appearing on stated pages of the record.

It appears from the record that this case involves substantially the same questions as were involved in the case of Blockton Cahaba Coal Co. v. United States (C. C. A.) 24 F. (2d) 180, 189, the difference being that the cited case involved income and excess profits taxes for the calendar year 1917, while the instant case involves such taxes for the calendar year 1918. In the instant case, as in the cited one, there were two contested questions, one as to the amount which should be allowed as capital invested in three coal-mining slopes, the other as to the amount which should be allowed as capital invested in houses which had been erected as living quarters for employees at the mines.

Much of the bill of exceptions appears to be a reproduction of testimony as stenographically reported, not "set forth in condensed and narrative form, save as a proper understanding of the questions presented may require that parts of it be set forth otherwise," as required by rule X subd. 2 of this court. The bill of exceptions shows the introduction in evidence of original engineer's note book showing the progress of the slopes by years, ten separate binders, being the original pay rolls of plaintiff from the beginning of its operations down to and including December 31, 1918, twenty-six volumes of the journals of plaintiff covering the period extending from its organization through December 31, 1918, and seven ledgers of the plaintiff covering a period extending from its organization through December 31, 1918. As to all of the just mentioned things introduced in evidence the bill of exceptions states that none of them was attached to the bill of exceptions, which in no way indicates what they contained in whole or in part. The books and documents introduced in evidence, the contents of which are wholly undisclosed by the bill of exceptions, being records of appellee's business transactions, are such that it reasonably may be presumed or inferred that they contained evidence of the cost or value of appellee's coal-mining slopes and of the cost or value of its houses erected for use as living quarters for its employees. It affirmatively appears from the opinion rendered by the judge who presided in the trial that evidence contained in those books and documents was considered by him in reaching conclusions evidenced by the findings of fact he made. A claim in behalf of the appellant that the bill of exceptions shows that it contains all the material evidence is based on the circumstance that it contains the statement: "This was all the evidence offered in this case." That statement immediately followed the conclusion of the statements of the bill of exceptions as to what occurred in the trial until the introduction of evidence, and the making of and action on objections and motions in regard thereto were concluded. That it meant, or was intended to mean, that the bill of exceptions contained all the evidence introduced, or showed what all that evidence was, is plainly negatived by above referred to explicit statements of the bill of exceptions itself to the effect that specified evidence introduced was not shown by the bill of exceptions. It is to be inferred that the quoted statement meant that what the preceding part of the bill of exceptions indicated was introduced in evidence was all the evidence introduced in the case. Another suggestion is that the omitted evidence, because of its volume and the impossibility of the court making such examination as to be able to ascertain what, if any, pertinent evidence it contained, properly could be omitted from the bill of exceptions. There is no merit in this suggestion. With such assistance as might be afforded by counsel in argument, oral or by brief, pertinent evidence contained in the omitted mass may have been readily accessible to the court. All the rulings upon which assignments of errors are based are such as are not subject to appellate review unless presented by bill of exceptions. The only grounds for reversal which are relied on in argument are based upon objections to evidence admitted, or upon the asserted lack or insufficiency of evidence to support findings of fact made by the court. Fleischmann Construction Co. v. United States, 270 U. S. 349, 358, 46 S. Ct. 284, 70 L. Ed. 624. If what the evidence objected to tended to prove was proved by other evidence adduced, the admission of the evidence objected to is not a ground of reversal. An appellate court cannot know whether there was or was not such other evidence if the bill of exceptions does not show that it contains all the evidence given upon the trial. It is quite apparent that a judgment cannot properly be reversed because of the lack of evidence to sustain a verdict or finding upon which it is based if the record does not enable the appellate court to know what the evidence was, the bill of exceptions not showing that it contains all, or the substance of all, the evidence given in the

trial. United States v. Copper Queen Mining Co., 185 U. S. 495, 22 S. Ct. 761, 46 L. Ed. 1008.

What was certified by the clerk of the court below on December 24, 1930—considerably more than a year after the date of the rendition of the judgment—to be "a full, true and correct transcript of the record on appeal" in this case, "as fully as the same appears of record and on file in my office," was a volume containing two hundred and seventy-four printed pages, and two hundred and seventy-four pages of what purports to be copies of exhibits introduced in evidence and attached to and made parts of the bill of exceptions, the greater part of the matter included in the purported copies of exhibits being what purported to be photostatic copies of exhibits, including documents, maps, and photographs, a large part of the contents of which is attempted to be photostatically copied on black background on glazed paper; such contents, when shown at all, being shown in white, in print substantially smaller than small pica. To a considerable extent contents of photostated pages are entirely illegible. In many instances the identifying numbers of exhibits are not shown. In some instances where such numbers are shown it is impossible to tell where the exhibit ends. Many of the photostated pages in whole or in part are mere blurs, disclosing practically nothing. Such defects result in the larger part in volume of the evidence embodied in the bill of exceptions and subject to be considered by this court not really being disclosed at all by the record. It is apparent that what was done as above stated in substantial part has not a semblance of a compliance with the requirement of rule XXVI of this court that "all records printed for the use of the court * * * as well as all quotations contained therein, * * * must be printed in clear type (never smaller than small pica) and on unglazed paper." Such a noncompliance cannot be countenanced or excused where it results, as it does in this case, in the record on appeal failing to inform this court of substantial parts of the evidence subject to be considered by this court in passing on the questions urged before it. To grant the above-mentioned motion of the appellant would result in enabling a party to the cause to add to the record on appeal matter not certified to "under the hand of the clerk of the lower court and under the seal thereof," as required by statute. 28 USCA § 865. Even if such addition to the record in the manner proposed were permitted to be made by the appellant, who was allowed considerable more than a year within which to perfect his appeal and get a proper transcript of the record in the case certified to this court, for reasons above indicated the record on appeal still would be fatally defective because of its failure to disclose a substantial amount of evidence which it may be presumed was considered by the court below before it made findings of fact which this court is asked to set aside because they were not supported by evidence. That motion of the appellant is denied.

Though above-mentioned omissions from the bill of exceptions keep it from properly presenting for review the only rulings which in argument are relied on as grounds of reversal, what was certified as a true and correct transcript of the record on appeal so obviously falls short of being what it purports to be, and evidences such a flagrant disregard of the above-mentioned requirement of rule XXVI of this court, that we prefer to dispose of the motion made by the appellee by granting the part of it which calls for the striking of the alleged transcript of the record in this cause. It is ordered that that document be stricken, and that the appeal be dismissed.