E. W. Brockman, of Pine Bluff, Ark., for appellant.

J. G. Williamson, Lamar Williamson, and Adrian Williamson, all of Monticello, Ark., and J. W. House, C. H. Moses, and W. H. Holmes, all of Little Rock, Ark., for appellee.

Before GARDNER, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

WOODROUGH, Circuit Judge.

Crocker First National Bank, a citizen and resident of the state of California, being the owner of ninety-one warrants for $1,000 each issued by Desha County, Ark., brought this action at law in the Federal District Court against the county to recover judgment on the warrants. Upon issues joined trial was had to the court without a jury; the court found all issues of fact and law in favor of the plaintiff and rendered judgment against the county in the sum of $91,000 and costs. (Interest was added but has been remitted because under the present laws of the state of Arkansas judgments against a county do not bear interest. Harriman National Bank v. Pope County, 173 Ark. 243, 292 S. W. 379; Missouri & Arkansas Lumber & Mining Co. v. Greenwood District of Sebastian County, Ark., 249 U. S. 170, 39 S. Ct. 202, 63 L. Ed. 538.)

Desha County appeals from the judgment against it, and, among some twenty-one assignments of error, presents:

"The District Court erred in its finding of fact No. 7 to the effect that all issues of fact are resolved in favor of the plaintiff."

## DESHA COUNTY, Ark., v. CROCKER FIRST NAT. BANK.*
### No. 9876.

Circuit Court of Appeals, Eighth Circuit.

June 18, 1934.

*Rehearing denied Oct. 12, 1934.

"The District Court erred in resolving all questions of law, in favor of the plaintiff."

Our examination of the record discloses that the record contains no agreement of the parties waiving a jury by a stipulation in writing filed with the clerk, nor by an oral stipulation made in open court and entered in the record, in accordance with Rev. St. § 649, as amended by Act May 29, 1930 (28 USCA § 773); and that the trial court has not certified in a bill of exceptions all of the evidence upon which its judgment was rendered.

■ As to the failure to waive a jury, this court said in Manzo et al. v. United States, 66 F.(2d) 579, 581: "In a civil action at law tried to the court without a jury, no waiver of jury having been made in accordance with the statute (Rev. St. § 649, as amended by Act May 29, 1930, 28 USCA § 773), there can be no review in the appellate court of the findings made, the judgment entered, or the rulings on the admission of evidence. The review is limited to questions arising on the process, pleadings, and judgment. Dundee Mtg., etc., Co. v. Hughes, 124 U. S. 157, 8 S. Ct. 377, 31 L. Ed. 357; Spalding v. Manasse, 131 U. S. 65, 9 S. Ct. 649, 33 L. Ed. 86; Commissioners of Road Improvement Dist. No. 2 v. St. Louis Southwestern R. Co., 257 U. S. 547, 562, 42 S. Ct. 250, 66 L. Ed. 364; Duignan v. United States, 274 U. S. 195, 198, 199, 47 S. Ct. 566, 71 L. Ed. 996; National City Bank v. Kimball Commercial & Sav. Bank, 2 F.(2d) 461 (C. C. A. 8); Municipal Excavator Co. v. Siedhoff, 15 F.(2d) 10, 14 (C. C. A. 8); Noone v. Sinner, 24 F.(2d) 960 (C. C. A. 8); North River Ins. Co. v. Guaranty State Bank (C. C. A.) 30 F.(2d) 881; United States v. Yamoto (C. C. A.) 50 F.(2d) 599; Perry v. Wiggins, 57 F.(2d) 622 (C. C. A. 8)."

■ A so-called bill of exceptions is included in the record in this case which contains the following over the signature of the trial judge: "And now comes the defendant Desha County, Arkansas, by its attorney, E. W. Brockman, Prosecuting Attorney, and presents to the Court this its bill of exceptions and asks that the same be approved and made a part of the record in this case, which is accordingly done this 5th day of October, 1933."

It will be noted that it is not stated that the bill of exceptions contains all of the evidence heard on the trial of the case. The judgment entry of the court recites that the cause was heard upon the pleadings, upon the oral testimony of certain named witnesses, and upon "the written stipulation anent facts executed and filed by the parties." The so-called bill of exceptions does not contain any stipulation of facts. It is evident to us, therefore, that the trial court did not and did not intend to certify that the so-called bill of exceptions contained all of the evidence upon which the case was decided.

In law actions this court has no jurisdiction to review the evidence upon which findings have been made and judgment entered by the trial court without a duly authenticated bill of exceptions containing all of the evidence upon which the judgment was rendered. Southern Surety Co. v. United States, 23 F.(2d) 55, 58 (C. C. A. 8); Morrison v. Regus (C. C. A.) 22 F.(2d) 804; Pistillo v. United States, 26 F.(2d) 202 (C. C. A. 8); Flanagan v. Benson, 37 F.(2d) 69 (C. C. A. 8); Kendrick Coal & Dock Co. v. Commissioner, 29 F.(2d) 559, 563 (C. C. A. 8); McHale v. Hull (C. C. A.) 16 F.(2d) 781; Snead v. Little Cahaba Coal Co. (C. C. A.) 53 F.(2d) 560; Lesser Cotton Co. v. St. L., I. M. & S. R. Co. (C. C. A.) 114 F. 133; Bolen-Darnall Co. v. Hicks, 190 F. 717 (C. C. A. 8); England v. Gebhardt, 112 U. S. 502, 5 S. Ct. 287, 28 L. Ed. 811; United States v. Copper Queen Mining Co., 185 U. S. 495, 22 S. Ct. 761, 46 L. Ed. 1008; Krauss Bros. Lumber Co. v. Mellon, 276 U. S. 386, 48 S. Ct. 358, 72 L. Ed. 620.

In Southern Surety Co. v. United States, supra, the court stated: "The findings of the court below raise the legal presumption that there was competent and relevant evidence in support of them, in the absence of a certificate by the trial judge that the bill of exceptions contains all the evidence, or all the evidence on the particular issues, the findings concerning which are questioned. * * *"

In Kendrick Coal & Dock Co. v. Commissioner, supra, it was said: "Whether a particular finding of fact is supported by any substantial evidence is a question of law, and this question of law cannot be reviewed unless all of the evidence bearing upon it is returned."

The evidence not being reviewable, the only question for this court is whether the primary record presented a case within the jurisdiction of the District Court and supports the judgment.

■ The complaint was attacked by motion in the trial court, and is here assailed under proper assignments of error. Omitting jurisdictional averments, the complaint was as follows:

"Plaintiff is the owner of warrants of the defendant herein, which warrants were is-

sued by its duly authorized officers, and drawn upon its treasurer, and which warrants the plaintiff, for a valuable consideration, purchased in due course: Said warrants are 91 in number, each warrant evidencing an indebtedness of $1,000. Said warrants are all dated July 24, 1923, and are numbered from 1 to 25 inclusive, and from 41 to 104 inclusive, and from 108 to 109 inclusive, all being a part of Series 'A.' Each of said warrants is upon the form attached hereto as Exhibit 'A'; said Exhibit 'A' constituting (except as to serial number) a copy of each of the warrants here sued upon.

"Petitioner further states that on July 11, 1927, the County Court of Desha County made an Order (as provided by Statute) calling in all warrant indebtedness of the County. In response to such call, all of the warrants here sued upon were filed with said County Court within the time prescribed in its calling-in order. Since said time, said County Court has wilfully delayed entering any order in reference to said warrants, and has failed to enter any order for the re-issuance of said warrants or for the disallowance of same. The present judge of said county court absolutely refuses to make any order in reference to said warrants, notwithstanding the fact that repeated request for such action on his part has been made.

"Demand for the payment of said warrants has been duly made from time to time, but has been refused.

"Wherefore plaintiff prays judgment against defendant in the sum of $91,000, and for all other and further relief to which it may be entitled."

"(Exhibit A.)

"United States of America, Number 12.
   Series 'A.'    $1,000.00.
"United States of America, State of Arkansas, County of Desha.

"County Warrant.

"To the Treasurer, County of Desha.

"Pay to Bearer, One Thousand Dollars. Out of any money in the Treasury appropriated for county expenditures, payable on the 24th day of July, 1924, at the Battery Park National Bank, New York City, N. Y.

"This warrant is issued pursuant to the statutes of the State of Arkansas, and to the order and judgment of the County Court, for the purpose of extending the payment of claims represented by outstanding warrants, the validity of which has been duly adjudged by said Court.

"It is hereby certified and recited that all conditions, acts and things required by the constitution and statutes of the State of Arkansas, to exist, be performed and happen precedent to or in the issuance of this warrant, or the incurring of the indebtedness evidenced thereby, have been properly done and performed in regular and due form as required by law, and that said warrants of indebtedness, together with all other indebtedness of the County of Desha is within every debt and other limit prescribed by the constitution of said State.

"The full faith, credit, and resources of said County are hereby pledged to the punctual payment of this warrant in accordance with its terms.

"Given at Arkansas City, in said County, this 24th day of July, 1923."

The statute referred to in the complaint, under which the county court of Desha county made its order calling in all warrant indebtedness of the county and in response to which call all of the warrants here sued upon were filed with said county court within the time prescribed in its calling-in order, includes sections 1994 to 1998, Crawford & Moses' Dig. 1921. Section 1994 reads: "Whenever the county court of any county may deem it expedient to call in the outstanding warrants of said county, in order to redeem, cancel, reissue or classify the same, or for any lawful purpose whatever, it shall be the duty of said court to make an order for that purpose, fixing the time for the presentation of said warrants, which shall be at least three months from the date of such order."

Section 1995 provides for giving notice. Section 1996 provides that all persons who shall hold any warrants of the county, and shall neglect or refuse to present them as required by the order of the court and notice given, shall thereafter "be forever debarred from deriving any benefits from their claims." Section 1997 gives the county court of any county power to call in annually outstanding scrip or warrants of the county for the purpose of canceling and reissuing. Section 1998 provides: "When the scrip or warrants so called in shall be presented to the court, it shall be the duty of said court thoroughly to examine the same, and to reject all such evidences of indebtedness as in their judgment their county is not justly and legally bound to pay, subject to appeal to the circuit court."

Appellant contends that the complaint shows no jurisdiction in the federal District Court to adjudicate against the county on

the warrants because it appears on the face of the complaint that the bank filed its warrants with the county court in response to the calling-in order before the suit was brought in the federal court. It is argued that the county court thereby acquired prior jurisdiction to adjudicate upon the warrants to the exclusion of such jurisdiction in the federal court. The theory is that the warrants were the subject-matter before the county court and that the county court, having first obtained jurisdiction, could retain it until the controversy was determined to the exclusion of the federal court.

We think the contention is settled against the appellant by the decisions of the Supreme Court in Ouachita County v. Wolcott, 103 U. S. 559, 560, 26 L. Ed. 505, and Chicot County v. Sherwood, 148 U. S. 529, 13 S. Ct. 695, 37 L. Ed. 546. It was held in both cases that a nonresident may maintain an original action in the proper federal court against a county in Arkansas to recover on the securities issued by the county notwithstanding the provisions of the statute above set forth. In the earlier case against Ouachita County, Ark., it appeared that the holder of the county's warrants then being sued on in the Federal Circuit Court had not presented them to the county court as required by a calling-in order duly made and brought to the notice of the warrant holder. The Circuit Judge sitting in the case "was of opinion that as the plaintiff * * * had brought the present suit [in the federal court] before the time limited for bringing in the warrants under the [calling-in] order of the county court, they were not barred under the statute." The Supreme Court said: "The circuit judge probably treated the Circuit Court and the county court as courts of co-ordinate jurisdiction over the same subject and the same parties, and, therefore, disregarded the final judgment of the county court barring the claim of the holder which was entered during the pendency of the suit in the Circuit Court. * * * But we do not think this is the correct mode of viewing the matter. * * * We see no reason to hold that such a proceeding (the statutory proceeding in the county court) is designed to deprive a holder of these warrants of his right of action in a court of the United States. * * * His right to sue in the Circuit Court (of the United States) is not denied or refused." (Parentheses ours.)

It is true that in order to carry out the functions assigned to it under the Arkansas statute, the county court does, by its calling-in order, require the outstanding warrants of the county to be physically presented to it for examination; but there is nothing in the proceedings of the county court to characterize them as proceedings in rem. The warrants must be presented in order to hold the county to its obligation to pay the debt and to save the holders from being "forever debarred from deriving any benefits from their claims." The cases cited and relied on by the appellant in which a court has taken actual or constructive possession of a res, and it is held that the jurisdiction over the res so taken excludes other courts from assuming jurisdiction of the same res, have no application.

Even if the presentation of his warrants, which the warrant holder must make or lose his debt, should be deemed equivalent to instituting suit for recovery of the debt (which the appellee denies), the Federal District Court would not thereby be deprived of its jurisdiction over an action for recovery of the same debt. It is clear that as to actions in personam two courts, state and federal, may have concurrent jurisdiction; but neither excludes the jurisdiction of the other. Each has the jurisdictional power to proceed. The mere pendency of the action in one court does not exclude the power of the other to exercise its jurisdiction. Ogden City v. Weaver (C. C. A. 8) 108 F. 564; Hunt v. New York Cotton Exchange, 205 U. S. 322, 27 S. Ct. 529, 51 L. Ed. 821; McClellan v. Carland, 217 U. S. 268, 30 S. Ct. 501, 54 L. Ed. 762; McClellan v. Carland (C. C. A. 8) 187 F. 915; Krauss Bros. Lumber Co. v. Louis Bossert & Sons, Inc. (C. C. A. 2) 62 F.(2d) 1004; In re Putnam (C. C. A. 2) 55 F.(2d) 73; Boatmen's Bank v. Fritzlen (C. C. A. 8) 135 F. 650; Jensen v. New York Life Ins. Co. (C. C. A. 8) 59 F.(2d) 957; W. E. Stewart Land Co. v. Arthur (C. C. A. 8) 267 F. 184; Grubb v. Public Utilities Commission, 281 U. S. 470, 50 S. Ct. 374, 74 L. Ed. 972; Kline v. Burke Construction Co., 260 U. S. 226, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077; Boynton v. Moffat Tunnel Imp. Dist. (C. C. A. 10) 57 F.(2d) 772.

Many points are ably argued in the brief touching rather the procedure of the purchaser of the county warrants than the justice of its judgment; but they go upon the assumption that the evidence in the case was properly brought before us for review and consideration. On the record presented the judgment must be, and is, affirmed.