## DUGGINS v. HEFFRON.

### No. 9952.

Circuit Court of Appeals, Ninth Circuit.

June 3, 1942.

Lyle W. Rucker, of Los Angeles, Cal., for appellant.

Earl E. Moss, of Los Angeles Cal., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order of the district court of July 14, 1941, denying to appellant his discharge in his voluntary bankruptcy proceeding commenced October 15, 1938. The findings of the referee, confirmed by the district court, on which the order was made, are as follows:

"That by reason of said findings of fact and conclusions of law this Court now finds that the said bankrupt committed the following acts punishable by imprisonment as provided in Section 29 of the Bankruptcy Act, 11 U.S.C.A. § 52, to-wit:

"1. That said bankrupt knowingly and fraudulently, and with the intent to hinder, delay and defraud creditors, concealed from the trustee of his estate the above described real property, by conveying and causing the same to be conveyed to Harriet M. Duggins, his wife, as her separate property, and by permitting the record title to said real property to remain in the name of his said wife and by his failure to list said real property in his verified schedules in bankruptcy, and by his failure to reveal the facts concerning his ownership of said property and the holding of the same in trust for him by his said wife at his first meeting and in his testimony before the Referee.

"2. That the said bankrupt knowingly and fraudulently made a false oath in relation to a proceeding under the said Bankruptcy Act in that he did not list any of the said above described real property in his schedules, to which he made oath, but omitted the same therefrom and stated therein that he did not own any real property."

It appears from the record of the hearing before the referee on the issue of the bankrupt's right to discharge that "Oral and documentary evidence was introduced and the matter submitted to the court on briefs, and the court being fully advised in the premises, now makes the following findings of fact." The record nowhere shows any oral or documentary evidence which was introduced at the hearing for the discharge of the bankrupt. This requires us to affirm. Federal Surety Co. v. A. Bentley & Sons Co., 6 Cir., 51 F. 2d 24, 26, 78 A.L.R. 1041; Krauss Bros. Co. v. Mellon, 276 U.S. 386, 390, 48 S.Ct. 358, 72 L.Ed. 620; United States v. Copper Queen Consolidated Mining Co., 185 U.S. 495, 496, 497, 498, 22 S.Ct. 761, 46 L.Ed. 1008.

There is evidence in the record of various hearings held in connection with the examination of the bankrupt for the determination of the extent of the property owned by him at the time his petition was filed, and it is agreed by counsel that this testimony may be here considered in considering the validity of the findings. This does not give us the testimony, oral and documentary, heard by the referee and upon which his findings were based. However, it is sufficient to sustain both the findings.

In a suit by the trustee against the bankrupt, Heffron v. Duggins, 9 Cir., 115 F. 2d 519, considered by us on appeal, it was

found that the bankrupt on or about April 16, 1926, transferred certain property to his future wife without consideration and with intent to hinder, delay and defraud his existing and future creditors. It was held that despite the finding that the transfer was made without consideration and with such intent, the trustee was barred because for more than three years, the statutory period of limitation in California, the creditors in question had sufficient knowledge which, if pursued, would have disclosed the fraudulent acts.

■ The fact that in this bankruptcy proceeding the bankrupt gave testimony that he had sold the property to his wife for a valuable consideration, which the finding in that suit necessarily held false, was sufficient to constitute reasonable grounds for believing that there was an existing concealment of the existence of the bankrupt's equitable ownership of the property, and hence to transfer to the bankrupt the burden of proof that he had not concealed the existence of such ownership in his failure to list his equitable title in his schedules.[1]

It appears from testimony so stipulated to be considered by this court, that on November 15, 1938, the bankrupt testified that his wife still owned the property which at that time he falsely claimed he previously had transferred to her for a valuable consideration. Such ownership in the wife, after the filing of his petition, does not sustain the bankrupt's burden of proof. Instead, it is sufficient to sustain the finding that the concealment had continued during the entire period from the transfer to the hearing in question, that is, that it continued during the year prior to the filing of the petition and constituted the concealment contemplated in Sections 14, sub. c(4), and 29, sub. b(1).

■ Not only was there this concealment in the year prior to the bankruptcy, but the bankrupt failed to state his equitable ownership in his schedules. Such an omission in the schedules constituting concealment may also constitute a false oath,

both punishable by imprisonment under the Bankruptcy Act,[2] if the omission is false and intentional. Section 7, sub. a(8), 11 U.S.C.A. § 25, sub. a(8), provides that "The bankrupt shall * * * prepare, make oath to, and file in court within five days after adjudication, if an involuntary bankrupt, and with his petition, if a voluntary bankrupt, a schedule of his property, showing the amount and kind of property, the location thereof and its money value, in detail; * * *."

Schedule B–4 established by the United States Supreme Court under Section 30 of the Bankruptcy Act, 11 U.S.C.A. § 53 requires a designation of the bankrupt of all "Property in reversion, remainder, or expectancy, including property held in trust for the debtor or subject to any power or right to dispose or to charge."

At the end of schedule B, the forms provided for the bankrupt to make an oath as follows:

"State of————————
"County of———————— } ss.

"I, ————, the person who subscribed to the foregoing schedule, do hereby make solemn oath that the said schedule is a statement of all my property, real and personal, in accordance with the Act of Congress relating to bankruptcy, according to the best of my knowledge, information, and belief."

■ The bankrupt made oath in the above form. The trustee, having shown that the omission from the schedules was false has sustained his burden of showing reasonable grounds for believing the omission was intentional for, under both Section 14, sub. c and the prior holdings of the courts, once the omission is proved to be false the burden is shifted to the bankrupt to prove that the omission was innocent. In re Merritt, 9 Cir., 28 F.2d 679, 680; Farmers' Savings Bank v. Anton, 8 Cir., 1 F.2d 103, 109. Here there is no such showing.

■ It is contended that because, after the schedules were filed, it was held in the suit brought by the trustee against the bankrupt, that the time limiting the begin-

---

[1] Bankruptcy Act, Section 14, sub. c, 11 U.S.C.A. § 32, sub. c. " * * * Provided, That if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this subdivision c, would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt."

[2] Section 29, sub. b (1) and (2), 11 U. S.C.A. § 52, sub. b (1) and (2), respectively.

ning of the suit having elapsed, the trustee could establish no interest in the property, the failure to list it did not constitute a concealment within either Sections 14, sub. c(4), or 29, sub. b(1).

There is no merit in this contention. Even though the statute of limitation barred the trustee's suit later brought, it was nevertheless property of the bankrupt and, whether or not it might later be held not transferred to the trustee, it should have been included in his schedules. The statute requires a disclosure of all the property of the bankrupt to enable the trustee to investigate any claim so to hold it. It is the duty of the bankruptcy tribunal, or the court in a plenary suit to pass on the results of the trustee's investigation, and not the privilege of the bankrupt to determine whether the bankrupt may have the benefits of bankruptcy and continue to own any particular property. That the concealment or false statement may not have injured the creditors is irrelevant. In re Goldman, 2 Cir., 37 F.2d 97, 98; In re Slocum, 2 Cir., 22 F.2d 282, 285.

Affirmed.